LISA WONG LACKLAND
Nevada Bar No. 9934
THOMAS G. RYAN
Nevada Bar No. 9378
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
(702) 949-8398 (fax)
LLackland@LRLaw.com
TRyan@LRLaw.com

GEORGE J. STEPHAN (*will comply with LR IA 10-2 within 30 days*)
BUCHALTER NEMER
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017
(213) 891-5222
(213) 630-5618 (fax)
GStephan@Buchalter.com

*Attorneys for Defendant*
*Pentair Water Pool and Spa, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| EMMETT J. MICHAELS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>PENTAIR, INC.; PENTAIR POOL PRODUCTS, INC., f/k/a PAC-FAB, INC.; POOL CHLOR OF NEVADA, INC.; PENTAIR WATER POOL AND SPA, INC., a Delaware corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>　　　　　　Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL** |

1

529592.1

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§1332, 1441 and 1146, Defendant Pentair Water Pool and Spa, Inc. ("Pentair") removes this action from the Eighth Judicial District Court, Clark County, Nevada (Case No. A587256) to the United States District Court for the District of Nevada. As more fully set out below and in the attached Exhibits, this case is properly removed to this Court under 28 U.S.C. § 1441 because Pentair has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. In support of this Notice, Pentair states as follows:

## I. Introduction.

1. This is a personal injury lawsuit based on product liability relating to a swimming pool filter. Plaintiff's unverified Complaint was filed on April 8, 2009. The Complaint was never served on Pentair. On June 15, 2009, plaintiff filed an unverified First Amended Complaint ("FAC"). The FAC was served on Pentair. A copy of the FAC is attached at Exhibit C. The FAC alleges that Pentair's Nautilus swimming pool filter was defective and the top of the filter separated and hit plaintiff in the head, causing serious injuries. The FAC also contains a claim against non-diverse defendant PoolChlor of Nevada, Inc. ("PoolChlor"), alleging that PoolChlor "provided inspection, service and maintenance on the Plaintiff's Nautilus filter system." (FAC ¶13.) Plaintiff claims to have suffered "severe and permanent injuries to his eyes, face, neck, skull and brain … extreme physical and mental pain, loss of his eye, and cognitive defects" (FAC ¶16), and he seeks compensatory and punitive damages.

2. Pentair removes this case based on diversity jurisdiction. PoolChlor was fraudulently joined, and therefore its citizenship is disregarded in determining diversity. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("fraudulently joined defendants will not defeat removal on diversity grounds."). Jurisdiction is proper under 28 U.S.C. § 1332 because the remaining parties are diverse, and all of the information, taken together, proves that it is more probable than not that the amount in controversy exceeds $75,000.

3. Pentair's basis for removal is outlined below and is explained in greater detail in the attached Memorandum of Points and Authorities (Exhibit A) and the Declaration of George J. Stephan (Exhibit B). A defendant seeking removal to federal court "is entitled to present the facts showing the joinder to be fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). To resolve fraudulent joinder claims, the court may look beyond the pleadings and consider evidence similar to that offered in summary judgment proceedings, such as affidavits and deposition testimony. *See Morris*, 236 F.3d at 1067; *see also Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (D. Cal. 1979) (indicating the court may pierce the pleadings and examine the factual record to determine whether a non-diverse defendant has been fraudulently joined); *McCabe*, 811 F.2d at 1339 (considering sworn declarations in deciding fraudulent joinder); *Ritchey*, 139 F.3d at 1318 (quoting *McCabe*, 811 F.2d at 1339).

## II. This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332.

### A. There Is Diversity Of Citizenship.

4. The plaintiff alleges that he is a Nevada resident. (FAC ¶1.)

5. Defendant Pentair Water Pool and Spa, Inc. is, and at the time this action was filed was, a Delaware corporation with its principal place of business in Sanford, North Carolina. (FAC ¶2, Stephan Decl. ¶7.)

6. Defendant PoolChlor of Nevada, Inc. is, and at the time this action was filed was, a Nevada corporation. Its citizenship, however, is disregarded for diversity purposes because it was fraudulently joined. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("fraudulently joined defendants will not defeat removal on diversity grounds."). *See* Memorandum of Points and Authorities, Exhibit A, at Section IIA, pp. 2-4 for additional discussion regarding the fraudulent joinder of PoolChlor.

7. Two other defendants were originally named in the State Action. Defendant Pentair, Inc., a Minnesota corporation with its principal place of business in Minnesota, was dismissed on or about January 5, 2010. Defendant Pentair Pool Products, Inc. is the

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

529592.1

same corporation as Pentair Water Pool and Spa, Inc. (the name of the corporation was changed). (FAC ¶2, Stephan Decl. ¶¶ 4-7.)

**B.     The Amount In Controversy Exceeds $75,000.**

8.    The Nevada Rules of Civil Procedure provide "[w]here a claimant seeks damages of more than $10,000, the demand shall be for damages "in excess of $10,000" without further specification of amount." Nev. R. Civ. P. 8(a). Therefore, plaintiff here was barred by court rule from specifying an amount in controversy in excess of $75,000 in his FAC. However, when the amount in controversy is not set forth in the Complaint, the Court may consider the removal petition in determining the amount in controversy. *See Singer v. State Farm Mutual Auto Insurance Co.*, 116 F. 3d 373, 377 (9th Cir. 1997). The amount in controversy requirement is satisfied if the removing party establishes by a preponderance of evidence that the amount in controversy is above the jurisdictional threshold. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004).

9.    Here, based on the allegations of plaintiff's FAC, Pentair can show by a preponderance of evidence that the amount in controversy exceeds $75,000.

10.   Plaintiff alleges he suffered serious personal injuries, including "severe and permanent injuries to his eyes, face, neck, skull and brain … extreme physical and mental pain, loss of his eye, and cognitive defects" (FAC ¶16), and he seeks compensatory and punitive damages. (FAC ¶16.) Plaintiff pleads multiple, separate claims for relief: negligence, strict liability, breach of implied warranty, and breach of express warranty. Based on these allegations, plaintiff's FAC pleads damages in excess of $40,000, plus punitive damages, specifically: (1) general damages in excess of $10,000; (2) special damages in excess of $10,000, including compensation for "substantial sums of money for medical, hospital, and related care"; (3) lost earnings and future loss of earnings in excess of $10,000; (4) punitive damages; and, (5) attorney's fees and costs associated with their lawsuit. (FAC ¶¶ 16, 20-22, 26-28, 36, 42-44, and Prayer for Relief).

11.   Accordingly, there is a reasonable basis to conclude that the $40,000 in damages plead by plaintiff, plus punitive damages, results in an amount in controversy in

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

529592.1

excess of $75,000. *See* Memorandum of Points and Authorities at Section IIB, pp. 4-6 for additional discussion establishing that the amount in controversy exceeds $75,000.

### III. This Removal Is Timely.

12. Plaintiff filed this action in the District Court, Clark County, Nevada on April 8, 2009.

13. This Notice of Removal is being filed within thirty (30) days after receipt by Pentair, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. Thus, this removal is timely filed under 28 U.S.C. § 1446(b). *See* Memorandum of Points and Authorities at Section III, pp. 6-7, and Stephan Decl. ¶¶ 12-19, for additional discussion establishing the timeliness of this removal.

### IV. Pentair Has Met All Other Requirements For Removal.

14. The Eighth Judicial District Court in and for Clark County, Nevada is located within the District Court of the United States, District of Nevada, Southern Division. *See* 28 U.S.C. § 105. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

15. No previous application has been made for the relief requested herein.

16. Pool Chlor's consent to removal is not required because PoolChlor was fraudulently joined. *See, e.g., United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) ("Although the usual rule is that all defendants in an action in a state court must join in a petition for removal, . . . the 'rule of unanimity' does not apply to 'nominal, unknown, or fraudulently joined parties.'" (internal citations omitted)). Nonetheless, consent has been obtained.

17. Pursuant to 28 U.S.C. § 1146(a), copies of all pleadings filed in the Eighth Judicial District Court are attached as Exhibit C.

18.   Pursuant to 28 U.S.C. § 1146(d), a copy of this Notice of Removal is being served upon all other counsel and a copy is being filed with the clerk of the court for the Eighth Judicial District Court, County of Clark, State of Nevada.

RESPECTFULLY SUBMITTED this 9th day of April, 2010.

By  /s/ *signature*
THOMAS G. RYAN, NV Bar No. 9378
LISA WONG LACKLAND, NV Bar No. 9934
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

GEORGE J. STEPHAN (*will comply with LR IA 10-2 within 30 days*)
BUCHALTER NEMER
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017

*Attorneys for Defendants Pentair Water Pool and Spa, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Lewis and Roca LLP and that on the 8TH day of April, 2010, a true and correct copy of the foregoing was served on the parties to this case through electronic transmission of the Notice of Electronic Filing, which constitutes service of a document on Filing Users under the Court's Electronic Fling Procedures to all parties to this case who are Filing Users of the Electronic Filing System of the United States District Court for the District of Nevada.

                                            */s/ Judy Estrada*
                                         An Employee of Lewis and Roca LLP

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

529592.1